## 5286.

### (Court of Appeal, Parish of Orleans).

## SALVADOR RUSSO vs. FIDELITY & DEPOSIT COMPANY OF MARYLAND, ET AL.

1. A surety cannot be held liable beyond the terms of his bond and for more than the amount fixed therein, the responsibility of the security is *stricti juris* and cannot be extended by presumption and implication.

Appeal from the Civil District Court, Division "E."

J. Zach Spearing and W. McL Fayssoux, for plaintiff and appellant.

P. M. Milner, for defendant and appellee.

DUFOUR, J.—The plaintiff sued defendant as surety on the official bond of a defaulting notary, and defendant answers and proves that the maximum liability under its bond was $10,000, and that all but $62.20 of that amount has been used to pay judgments rendered prior to the instant one in favor of plaintiff.

There was judgment against the surety "to be executory only to the extent of such balance as may remain unpaid under its bond for $10,000," and the plaintiff has appealed.

The limit of the bond was $10,000, under its terms, the liability cannot go beyond that amount, the responsibility of the surety is **stricti juris** and cannot be extended by presumption and implication.

The surety was bound to pay the judgments as they were rendered and was under no legal obligation to call a concursus and to cause a marshailng of assets and pro-rating of the claim.

It might well.be that the claims amounted to less than the amount of the bond and if so, why should a deposit be made of an amount not due?

Or, where the prescriptive period is, as in cases of this character ten years, must the fund remain in the hands of the surety or of the court for adjustment and pro-rating, during this full period?

And unless, the full delay is awaited how can assurance be had that all claims have been presented?

It is doubtless an evil that the settlement of claims may be interfered with by the accidents of a clear or crowded docket, and that one claim may thus practically obtain preference over another.

But relief for this condition must be asked not of the courts but the Leglislature.

We conclude that under existing law, and the circumstances here presented, the surety was compelled to pay all final judgments as presented and that it is protected to the extent that it has satisfied such judgments.

Judgment affirmed.

May 29, 1911.

Rehearing refused, June 27, 1911.

### On Rehearing.

Among the grounds urged for granting a rehearing we find the following:

> "This court is in error in not excluding from the amount claimed to have been paid by the defendant surety the interest and costs of court incurred by him in defending the various suits brought against it on the bond."

The judgment appealed from merely says that it shall be executory only to the extent of such balance as may

remain unpaid under its bond for $10,000. The lower court has not decreed what that amount is and until it does there is nothing for us to revise as to the question of amount.

The matter can be reached only when it is sought to obtain an order to make the judgment executory, in that order will be decided what amounts paid by defendant are properly deductible from the amount of the bond and what are not.

We adhere to our opinion.

Rehearing refused, June 27, 1911.

June 27, 1911. Notice of intention to apply to Supreme Court for writ, etc.